ROBERT R. STREHLOW, APPELLANT, V. EMIL KRINGS ET AL.,
APPELLEES.

277 N. W. 784

FILED FEBRUARY 22, 1938. No. 30161.

*Battelle, Strehlow & Morearty, Wagner, Wagner &
Albert* and *O. F. Walter,* for appellant.

*John T. Curran* and *Raymond P. Medlin, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE,
CARTER and MESSMORE, JJ.

GOSS, C. J.

This is an appeal from a judgment granting defend-
ants a further moratorium, under Legislative Bill No. 4,
Laws 1937; Laws 1937, ch. 42, Comp. St. Supp. 1937, ch.
20, art. 21.

By the record and by the assignments of error, plaintiff
challenges the validity of the act as repugnant to and in
contravention of the "due process clause" (art. I, sec. 3)
of the Nebraska Constitution, of that provision of the state
Constitution (art. I, sec. 13) which grants to appellant a
remedy in the courts in due course of law and that justice
shall be administered without denial or delay, and that it
violates the "contract clause" (art. I, sec. 16) of the state
Constitution; and that it impairs the obligation of the
contract in violation of section 10, art. I of the Constitu-
tion of the United States, and violates the "equal protec-
tion" and "due process clauses" of section 1 of the Four-
teenth Amendment to the Constitution of the United
States.

The record shows that suit was begun December 16,
1935, by Becher, Hockenberger & Chambers Company to

foreclose a $16,000 mortgage on 480 acres in Boone county. Defendants filed no answer and decree for upwards of $18,000 was entered January 27, 1936; defendants filed request for statutory stay of nine months; plaintiff assigned the decree to Robert R. Strehlow and he was substituted as plaintiff; on November 7, 1936, an order of sale was issued; on November 17, 1936, defendants filed a request for a moratory stay; on December 14, 1936, the sheriff sold the land to Robert R. Strehlow for $20,192.43 (said to be the amount of the mortgage debt) ; January 25, 1937, moratorium was granted to March 1, 1937; on March 2, 1937, defendants filed a request for a further moratorium until March 1, 1939, to which plaintiff filed objection, specifically setting out constitutional objections about as heretofore recited; April 12, 1937, the district court granted the moratorium until March 1, 1939, or until the further order of the court, and fixed the rental value, chiefly in a share of the crops, to be paid by defendants. From that order the appeal was taken.

No evidence was taken. On both sides the case is argued purely as a matter of law arising on the record.

The questions are the same as those involved in the recent case of *First Trust Co. v. Smith*, p. 84, *post*, 277 N. W. 762, where they were elaborately discussed in the opinion, and where it was held that the Nebraska moratory law, as amended in 1937, contravenes the spirit and express terms of sections 13 and 16, art. I of our state Constitution, and is wholly invalidated thereby. It would serve no useful purpose to repeat the argument. It is sufficient to say that the case at bar is ruled by the principles expressed in the opinion in *First Trust Co. v. Smith, supra.*

The judgment of the district court is reversed and the cause remanded.

REVERSED.